**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gita Mishkin, | No. CV-24-01423-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| ICON PLC, et al., | |
| Defendants. | |

On January 30, 2025, the court dismissed without leave to amend plaintiff Gita Mishkin's claim under the Equal Pay Act. (Doc. 34 at 4-5.) On February 27, 2025, Mishkin filed a "FRCP Rule 54(b) Motion to Reinstate Equal Pay Act Claim." (Doc. 40.) Defendant Pharmaceutical Research Associates Inc. then filed a "notice" stating Local Rule 7.2(g)'s fourteen-day deadline for a motion for reconsideration meant Mishkin's motion was untimely. (Doc. 41.) Mishkin then filed another document explaining she

> does *not* seek reconsideration of the dismissal of her EPA claim based upon the facts in her First Amended Complaint ("FAC") cited by the Court as insufficient under FRCP Rule 12(b)(6) but instead seeks reinstatement based upon other allegations in her FAC that were *not* the basis for the dismissal.

(Doc. 42 at 2.) According to Mishkin, this type of request is not subject to Local Rule 7.2(g) because she is seeking "reinstatement" not "reconsideration." Mishkin also argues Rule 54(b) allows a court to revise its orders "at any time before the entry of judgment of a judgment adjudicating all the claims." Because of that language, any attempt to apply Local Rule 7.2(g) to her request would be "incompatible with the FRCP." (Doc. 42 at 3.)

Mishkin's claim that she is not seeking reconsideration of the prior order is incorrect. And the court is skeptical of her interpretation that Local Rule 7.2(g) is incompatible with the language of Rule 54(b). *See Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, No. CV 14-00520 DKW-KSC, 2015 WL 5209345, at *1 (D. Haw. Sept. 4, 2015) ("There is nothing in Fed.R.Civ.P. 54(b) that limits the District Court's authority to promulgate a rule [addressed to motions for reconsideration] that includes timeliness requirements."). But there is no need to address the impact of Local Rule 7.2(g) because that rule does not purport to impose a complete bar on considering untimely motions for reconsideration. L.R. 7.2(g) (requiring motions be filed within fourteen days "[a]bsent good cause"). And on its merits, Mishkin's motion fails.

The EPA claim was dismissed because Mishkin had not alleged she and the male comparators were employed on the date the commissions became payable, a requirement for payment under the compensation plan at issue. (Doc. 34 at 2, 4-5.) Having resigned before any of the commissions were paid to males, Mishkin had not plausibly alleged she was paid different wages for equal work. (Doc. 34 at 4.) Mishkin's motion to amend her EPA claim does not address this issue. Instead Mishkin alleges that "even if [she] had not resigned, Defendant had already taken away [her] earned wages." (Doc. 40 at 28.) But again, the EPA claim was dismissed because Mishkin's own allegations indicated she was not eligible for payment of those alleged "earned wages," while the male comparators were eligible. Mishkin is not entitled to pursue her EPA claim.

**IT IS ORDERED** the Motion (Doc. 40) is **DENIED**.

Dated this 17th day of March, 2025.

Honorable Krissa M. Lanham
United States District Judge